# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JON CAVALIER, JR., | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 13-CV-651-FHM |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
|     Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff, Jon Cavalier, Jr., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Jon Cavalier Jr.'s applications were denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ) Edmund C. Werre was held on April 3, 2012. By decision dated April 26, 2012, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 26, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 53 years old on the alleged date of onset of disability and 54 years old on the date of the ALJ's denial decision. He has a high school education. Plaintiff's past work experience includes brake operator helper, paper machine tender, and security guard. Plaintiff claims to have been unable to work since January 14, 2010 due to depression, anxiety attacks, no peripheral vision, and high blood pressure. [R. 236].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to left shoulder and right knee impairments, degenerative disc disease of the cervical and lumbar spine, visual impairments, schizoaffective disorder, depressive disorder not otherwise specified, and continuous cannabis abuse. [R. 22]. The ALJ determined that Plaintiff has the

residual functional capacity (RFC) to perform light work[2] as defined in 20 CFR 404.1567(b) except with no more than occasional lifting up to 20 pounds, no more than frequent lifting or carrying up to 10 pounds; standing/walking 6 hours out of an 8-hour workday; sitting 6 hours out of an 8-hour workday; no exposure to hazards such as unprotected heights and being around dangerous moving machinery, and limited to monocular vision as to depth perception. Plaintiff is able to understand, remember, and carry out simple and some complex instructions, and able to relate and interact with coworkers and supervisors on a work-related basis only, with no or minimal interaction with the general public. [R. 24]. Although Plaintiff is unable to perform his past relevant work, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 32-33]. Accordingly, the ALJ determined that Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: 1) failed to include all of Plaintiff's severe impairments in the residual functional capacity; 2) failed to properly evaluate whether Plaintiff met or

---

[2] Pursuant to CFR § 404.1567, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

equaled a visual impairment listing; and 3) failed to properly apply the Medical -Vocational Guidelines.

## **Analysis**

### RFC Determination

The ALJ concluded at step two that Plaintiff's severe impairments included left shoulder and right knee, degenerative disc disease of the cervical and lumbar spine, visual impairments, schizoaffective disorder, depressive disorder not otherwise specified, and continuous cannabis abuse. [R. 22]. Plaintiff argues that the ALJ's residual functional capacity (RFC) assessment failed to include limitations resulting from the shoulder, knee, or ambulation problems caused by the lumbar spine. [Dkt. 15, p. 2-3]. At step two of the evaluative sequence, an ALJ assesses only whether a claimant's medically determinable impairments significantly limit the ability to perform work-related activities. 20 C.F.R. § 404.1521. The step two determination that Plaintiff's various impairments are severe only allows the sequential process to proceed. The finding the impairments are severe does not address the degree of work-related functional limitations resulting from the impairments. An ALJ does not err by failing to match each step two impairment to a work-related limitation in the RFC. Rather, in developing the RFC the ALJ considers all of the medical and other evidence to determine whether the record supports the existence of physical, mental, sensory, and other limitations in the ability to perform work-related functions. *See* 20 C.F.R. §§ 404.1545, 416.945. The question is not whether the RFC recounts or lists the "severe" impairments found at step two, but whether the RFC accounts for the work-related limitations that flow from those impairments. The court finds that the ALJ's failure to name each severe impairment found at step two in the RFC finding

is not error. Further, the court finds that the ALJ's RFC finding is supported by substantial evidence.

### Evaluation of Listings

The listings of impairments (listings) describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App.1. At step three of the evaluative sequence, the ALJ is required to compare the medical evidence to the listings contained in the regulations and to discuss the evidence and the reasons for determining that Plaintiff is not disabled at step three. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). All of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988). Furthermore, it is Plaintiff's burden to show that his impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

Plaintiff asserts that he meets listing § 2.03A and that the ALJ did not properly consider his visual impairment. According to Plaintiff, in his better eye he has a peripheral loss of 6-8 degrees from the point of fixation and a virtually horizontal range of vision which meets or equals listing § 2.03A criteria. [Dkt. 15, p. 3-4]. The criteria for listing § 2.03A is established when," [t]he widest diameter subtending an angle around the point of fixation no greater than 20 degrees." 20 C.F.R. Pt. 404, Subpt. P, App. §§2.03A. Plaintiff argues that his peripheral "loss" of 6-8 degrees satisfies the requirement of "no greater than 20 degrees." The Commissioner argues that Plaintiff misread the listings and that the listing

5

does not refer to "loss" of peripheral vision, but refers to the remaining diameter of peripheral vision. [Dkt. 16, p. 2].

The court is not persuaded that the Commissioner's analysis is helpful to resolution of the case. The Commissioner's assertion that listing 2.03A was not met for the reason the listing does not rely on "loss" of peripheral vision, but measures "remaining" peripheral vision does not address the main problem, which is that the ALJ did not discuss the evidence related to the listing. Likewise, the Commissioner's assertions about Plaintiff's visual field efficiency percentage miss the point of Plaintiff's argument. Visual field efficiency refers to listing § 2.04A while Plaintiff's argument pertains to listing § 2.03A.

An ophthalmology consultative examination was conducted by Alison Hansen, O.D. An eye exam with visual acuity and visual fields by Goldman or Humphrey 30-2 was ordered. [R. 592]. Goldman and Humphrey tests are ones specified by the Commissioner's regulations to satisfy the visual listings. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 2.00A(6)(b)(c). For listing 2.03A, the visual field test must measure the central 24 to 30 degrees of the visual field, which is described as the area measuring 24 to 30 degrees from the point of fixation. *Id.* at § 2.00(A)(6)(c). The regulations further provide that an individual is considered to have statutory blindness <u>only</u> if the criteria of Listing 2.02 or 2.03A are met. *Id.* at § 2.00A(2)(c). Accordingly, there is no equivalency argument pertaining to listing 2.03A.

Dr. Hansen reported that Plaintiff's visual field was restricted. [R. 593]. She did not, however, complete the portion of the examination form which asked for the widest diameter in degrees of remaining peripheral visual fields for both eyes. This particular question is directly related to Listing § 2.03A. Rather, Dr. Hansen referred the reader to "see notes."

6

[R. 593]. In the notes for both eyes, Dr. Hansen wrote "visual field most likely falsely constricted [secondary to] slow response time." [R. 599, 595]. Dr. Bird, a state agency consultant, reviewed Plaintiff's medical records, including the visual testing. State agency consultants like Dr. Bird are "highly qualified physicians and psychologists who are experts in Social Security disability evaluations." 20 C.F.R. §§ 404.1527(f)(2)(I); 416.927(f)(2)(I). In completing a physical RFC assessment form, Dr. Bird found Plaintiff's only limitations were limitations in the field of vision. Dr. Bird noted the allegation of poor peripheral vision and summarized Dr. Hansen's visual exam as showing peripheral vision loss. However, Dr. Bird did not express the vision loss in the terms employed by the listing. While Dr. Bird indicated Plaintiff has a limitation in the visual field, Dr. Bird did not refer to the listing or indicate whether it was or was not met. [R. 603]. The ALJ stated that consideration had been given to the visual listings, and the ALJ cited Exhibit 7F which is Dr. Hansen's testing, [R. 23, 592-597], but the ALJ's decision contains no discussion of the eye test in relation to the listings, and no discussion of the import of Dr. Hansen's notation of "visual field most likely falsely constricted [secondary to] slow response time." [R. 594, 595]. The court notes that at the hearing before the ALJ, Plaintiff's counsel raised the issue of visual test results and listing § 2.03A. [R. 41-42]. The ALJ's failure to discuss the visual testing in light of listing § 2.03A criteria was error.

The ALJ's decision must be reversed and the case remanded for the ALJ to discuss the visual testing results in the context of Listing 2.03A.

Medical-Vocational Guidelines (Grids)

Plaintiff argues that the case should be reversed because the ALJ misapplied the Medical-Vocational Guidelines (Grids). According to Plaintiff, if the ALJ had properly

considered all of his impairments, the Grids would have directed a finding of disability under Rule 201.14.

The Grids, 20 C.F.R. Pt. 404, Subpt. P, App. 2., reflect the existence of jobs in the national economy at various skill, exertional, and education levels. When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs. 20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b).

Grid Rule 201.14 applies to one of Plaintiff's age, limited to sedentary work, having a high school education, with previous skilled or semiskilled work, and no transferable skills. If these conditions are met, under Grid Rule 201.14, a finding of disabled is directed. However, Grid Rule 201.14 is not applicable because Plaintiff is not limited to sedentary work. The ALJ found Plaintiff is limited to light work, which is covered by Grid Rule 202.14. Grid Rule 202.14 directs a finding of not disabled. Plaintiff has not demonstrated any error in the ALJ's finding that he is capable of performing the exertional requirements of light work. The court finds, therefore, no error in the ALJ's application of Grid Rule 201.14 as a framework for decision making. [R. 32].

## Conclusion

The court finds that the ALJ erred in failing to discuss listing § 2.03A. The ALJ's decision is therefore REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 30th day of December, 2014.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

8